UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 03-61859-CIV-COOKE/BROWN

ELAINE L. CHAO,

    *Plaintiff*,

v.

GARY M. HOCHBERG C.L.U. INSURANCE
AGENCY, INC., *et al.*,

    *Defendants*.

_____/

## ORDER ADOPTING MAGISTRATE'S SECOND REPORT AND RECOMMENDATION ON PLAINTIFF'S RENEWED MOTION FOR CIVIL CONTEMPT

This matter was referred to the Honorable Stephen T. Brown, United States Magistrate Judge, for a Report and Recommendation on Plaintiff's Renewed Motion for Civil Contempt [D.E. 83], filed November 21, 2006. Judge Brown issued a Report and Recommendation on October 22, 2007. In this Report, Judge Brown recommended that I immediately incarcerate Mr. Hochberg for the failure to pay restitution, Mr. Useden's bill, and the daily fine. Judge Brown further recommended that Defendants be required to pay all of Plaintiff's reasonable costs and attorneys fees incurred in connection with the present motion.

Mr. Hochberg objected to Judge Brown's Report and Recommendation on the following grounds: (1) He should not be incarcerated because he is not in contempt and because he has a medical condition that would be exacerbated by his incarceration; (2) Mr. Hochberg should not have to pay Neil Useden's fees because they are unreasonable; (3) Mr. Hochberg should not have to pay the daily fine; and (4) Judge Brown's recommendation that Mr. Hochberg be immediately incarcerated until he makes "meaningful payment" is "vague and indefinite." Plaintiff filed a

response to Mr. Hochberg's objection.

After reviewing the record and reading Judge Brown's Report, Mr. Hochberg's objections, and Plaintiff's response to Mr. Hochberg's objections, I adopt Judge Brown's Report and Recommendation and find as follows:

1. As Judge Brown noted in his Report, Mr. Hochberg has repeatedly ignored this Court's orders. On May 2, 2006, the Honorable Stephen T. Brown found that Mr. Hochberg was in contempt of court. *See* D.E. 75. I adopted Judge Brown's Report and Recommendation on May 25, 2006. *See* D.E. 77. Mr. Hochberg's contention that he is not in contempt of court is refuted by the record in this case.

I also find that Mr. Hochberg's "medical condition" does not prevent him from paying the judgment considering that Mr. Hochberg continues to operate his insurance agency. In his objection to Judge Brown's Report, Mr. Hochberg points to *Strickland v. Francis*, 738 F.2d 1542, 1552 (11th Cir. 1984), for the proposition that a court cannot ignore expert testimony regarding a medical condition in favor of the observations of laymen. First, *Strickland* concerns a person's competence to stand trial. *Id.* at 1551. There were no allegations made that Mr. Hochberg was incompetent at the time the judgment was entered. At this stage, Mr. Hochberg has already been found liable and simply needs to make payment. Second, *Strickland* also says that "[a] factfinder need not adhere to an expert opinion on incompetency if there is reason to discount it." *Id.* at 1552. Given that there was no showing that Mr. Hochberg's medical condition has any bearing on his ability to pay and that the record shows that Mr. Hochberg currently runs an insurance company, regularly signs checks, and has become associated with at least four other corporations since 2006, I find that Mr. Hochberg is fully capable of paying the money he owes. Furthermore, Mr. Hochberg can be found in civil contempt even though he may not have acted willfully. *See United States v. Universal Christian*

*Church*, No. 83-5039, 1985 WL 13480, at *3 (6th Cir. July 19, 1985) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949)). As I further noted in Court, the Bureau of Prisons is well-equipped to handle any medical problems Mr. Hochberg may have.

2. Mr. Hochberg must also pay Neil Useden's fees. The Court previously approved Mr. Useden's hourly rate and Judge Brown found Mr. Useden's records sufficiently documented and his fees reasonable. Accordingly, Mr. Hochberg must also pay the total fees Mr. Useden has submitted to the Court that the Court has approved to purge himself from his contempt. Mr. Useden shall file a notice with the Court informing Mr. Hochberg of the total amount of fees which have been approved thus far by February 27, 2008. Mr. Useden shall also file a motion for court-approval of any outstanding fees by February 27, 2008. These remaining fees will be due within ten business days of the court's approval.

3. Mr. Hochberg argues that he should not have to pay the daily fine given his mental illness. Again, if Mr. Hochberg is able to operate a business, he should be able to pay the daily fine imposed due to his refusal to comply with this Court's orders.

4. To address Mr. Hochberg's concern that he does not know the due date for payment of the judgment entered against him, I announced the following payment schedule at the status conference held on January 14, 2008: Mr. Hochberg shall pay at least 50% of $107,938.21 (the total amount of the judgment entered against him) by February 15, 2008. He must pay the balance of the judgment by April 15, 2008. At the hearing, Mr. Hochberg was warned that failure to make payment by the dates specified would result in an immediate contempt citation and incarceration. Throughout these proceedings, Mr. Hochberg has been warned repeatedly that his failure to comply with this Court's orders would result in incarceration. *See* D.E. 77, 82.

As Mr. Hochberg once again ignored my order and failed to make payment by February 15,

2008, I will issue a writ of bodily attachment ordering the United States Marshals to take Mr. Hochberg into custody until he pays the full amount of the judgment, including interest, the daily fine, and the portion of Mr. Useden's fee that has already been approved by the court. Plaintiff shall file an updated calculation of the judgment, including interest and the daily fine by February 27, 2008. Plaintiff shall also file by February 27, 2008, a motion for costs and attorneys' fees associated with the present motion. These costs and attorneys' fees will be due within ten business days of the court's approval.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of February 2008.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Stephen T. Brown*
*All Counsel of Record*